State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 12360893
Date: Sep 14 2006 10:41AM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

CARROLL R. CHAPMAN,　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　)　　CIVIL ACTION
v.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)　　FILE NO. _2c06 EV D01022A_
S AND W SPORTS CARS, INC.　　　　)
and JOHN DOE,　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　)

## COMPLAINT

COMES NOW Carroll R. Chapman, Plaintiff in the above-styled action, and

hereby files this, his Complaint, and in support thereof shows this Court as follows:

### Parties and Jurisdiction

1.

Plaintiff is a resident of Fulton County, Georgia.

2.

Defendant S And W Sports Cars, Inc. is a foreign for-profit corporation,

licensed to do business in the State of Georgia. Service may be made upon this

Defendant's registered agent for service to wit: CT Corporation System, 1201

Peachtree Street, NE, Atlanta, Fulton County, Georgia 30361. This Defendant is

subject to the jurisdiction of this Court and venue is proper as the Defendant's

registered agent and office are located in Fulton County Georgia.

3.

Defendant John Doe is the individual who on December 16, 2005 was

responsible for the inspection and maintenance of the approachways to Defendant S

Exhibit A

and W Sports Cars, Inc.'s automobile dealership, Ferrari of Atlanta, 11875 Alpharetta Highway, Roswell, Fulton County, Georgia 30076.  At such time as John Doe is identified, this Complaint will be modified to reflect his identity.  John Doe is hereby on notice of the intention to name him as a Defendant in this action.  Defendant John Doe is subject to the jurisdiction of this Court and venue is proper.

4.

At all times relevant, Defendant John Doe was an employee/agent of Defendant S and W Sports Cars, Inc.

5.

Defendant S and W Sports Cars, Inc. is a retailer of Ferrari automobiles and does business in Roswell, Georgia as Ferrari of Atlanta.

Facts

6.

On or about December 16, 2005, Carroll Chapman was an invitee of Defendant S and W Sports Cars, Inc.

7.

At approximately 10:00 a.m., Carroll Chapman arrived at the Defendant's Ferrari of Atlanta dealership for the purpose of performing bookkeeping services as an independent contractor.

8.

At or about that time, Carroll Chapman was walking in the vicinity of an entrance to Ferrari of Atlanta when he slipped and fell on an ice patch, thereby sustaining injury.

2

9.

Numerous employees/agents of Defendant S and W Sports Cars, Inc., including John Doe, had preceded Carroll Chapman along this direct path and had actual and/or constructive knowledge of the ice.

10.

At all times relevant hereto, S and W Sports Cars, Inc. and John Doe had actual or constructive knowledge of the hazardous conditions existing on the premises where Carroll Chapman was injured, including but not limited to knowledge of the ice patch upon which he slipped and fell.

11.

Defendant S and W Sports Cars, Inc.'s agents and employees, despite their awareness of the presence of ice in front of the doorway, failed to take any action to remedy the hazard and make the approachway safe.

12.

At all times relevant hereto John Doe and other individual agents/employees negligently failed to inspect, repair, maintain and keep clear of hazards the approachways and entrances to Ferrari of Atlanta, including the area where Carroll Chapman was injured.  These Defendants also failed to warn of the existence of the hazard(s) or to secure the area from traffic.

3

13.

Defendant S and W Sports Cars, Inc. is liable to Carroll Chapman for the negligent acts of its agents/employees, including Defendant John Doe, under the Doctrine of Respondeat Superior.

14.

At all times mentioned herein, Defendant S and W Sports Cars, Inc. had exclusive control and management of the property known as Ferrari of Atlanta, and this Defendant had the legal duty to exercise ordinary care to keep the premises in a reasonable safe condition consistent with due regard to the safety of its invitees, including Carroll Chapman.

15.

Defendants were negligent in failing to correct, inspect, repair, remove or warn of the hazardous condition(s) existing on the premises, thereby creating an unreasonable risk of injury to its invitees, including Carroll Chapman.

16.

Defendants knew of, or in the exercise of ordinary care for the safety of its invitees, including Carroll Chapman, should have known, of the hazardous condition(s) existing on the premises and that the failure to correct, inspect, repair, remove or warn of said condition(s) was likely to have injurious consequences.

17.

Although the Defendants knew, or in the exercise of reasonable diligence should have known, of the risks of injuries to its invitees from such hazardous condition(s) existing on its premises, they negligently failed to take reasonable

4

precautions to guard against the dangerous condition(s) and failed to protect its invitees, including Carroll Chapman.

18.

Defendant S and W Sports Cars, Inc. negligently maintained the premises known as Ferrari of Atlanta, and at all times herein mentioned, failed and neglected to correct, inspect, repair, remove or warn of such hazardous condition(s) and to guard against injuries to its invitees, including Carroll Chapman, although the hazardous condition(s) had existed for such a length of time that Defendant S and W Sports Cars, Inc., their agents, officers, servants or employees knew, or should have known, thereof and the likelihood of injuries to persons at Ferrari of Atlanta.

19.

Defendant S and W Sports Cars, Inc. knew, or in the exercise of reasonable care should have known, of the hazardous condition(s) on the premises, but negligently failed to correct, inspect, repair, remove or warn of such dangerous condition(s) and such negligence by Defendant S and W Sports Cars, Inc. was a proximate cause of Carroll Chapman's injuries and the damages incidental thereto.

20.

Defendant S and W Sports Cars, Inc. had actual knowledge of the hazardous condition(s) existing on the premises through the direct knowledge of its agents/employees, including but not limited to Defendant John Doe.

21.

Defendant S and W Sports Cars, Inc. had constructive knowledge of the hazardous condition(s) existing on the premises through the direct knowledge of its agents/employees, including but not limited to Defendant John Doe.

22.

Defendant S and W Sports Cars, Inc. had constructive knowledge of the hazardous condition(s) existing on the premises due to the presence of its agents, employees or contractors within the immediate area of the hazardous condition(s) and/or due to the condition(s)' existence for an unreasonable period of time.

23.

Defendant S and W Sports Cars, Inc. failed to properly train, regulate and supervise its agents, employees and contractors, including Defendant John Doe.

24.

Defendant S and W Sports Cars, Inc. negligently entrusted, hired and retained its agents, employees and contractors, including John Doe, and failed to implement and utilize proper procedures to evaluate their skills and expertise.

25.

The injuries suffered by Carroll Chapman are a direct and proximate result of the negligence of the Defendants.

26.

As a direct and proximate result of the Defendants' negligence, Carroll Chapman incurred damages, including but not limited to medical expenses, pain and

suffering, diminished ability to labor and any and all other damages allowed under the laws of the State of Georgia.

27.

Carroll Chapman is entitled to recover for the ramifications of his injuries, directly and proximately, resulting from the Defendants' negligence.

28.

Carroll Chapman is entitled to recover from Defendants for his medical care and treatment to date, the care he will require in the future, his pain and suffering, past, present and future, his diminished ability to labor and any and all other damages allowable under the laws of the State of Georgia.

WHEREFORE, Plaintiff respectfully prays that:

(a)    Process issued as provided by law;

(b)    He be awarded actual damages from the Defendants in amounts to be shown at trial;

(c)    He be awarded general damages in accordance with the enlightened conscience of an impartial jury;

(d)    He be awarded interest and costs;

(e)    He have trial by jury; and

(f)    He have such other and further relief as this Court deems just and proper.

GOLDSTEIN  & HAYES, P.C.


/s/ James A. Goldstein
James A. Goldstein
Georgia Bar No. 300430
Attorney for Plaintiff

8

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 12360893
Date: Sep 14 2006 10:41AM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CARROLL R. CHAPMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE NO. _____ |
| S AND W SPORTS CARS, INC. | ) | |
| and JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT S AND W SPORTS CARS, INC.

Plaintiff Carroll R. Chapman hereby requests pursuant to O.C.G.A. §§ 9-11-26 and 9-11-33, that Defendant S and W Sports Cars, Inc. respond to the following written Interrogatories under oath within the time period permitted by law. Each of the following Interrogatories shall be deemed continuing and must be supplemented by Defendant to the extent required by O.C.G.A. § 9-11-26(e).

### DEFINITIONS

(a)    Document - As used herein "document" shall mean any tangible thing upon which information is or has been stored, recorded or communicated in the custody, control or possession of Defendant or of which Defendant has knowledge, including without limitation letters, correspondence, invoices, contracts, agreements, purchase orders, memoranda, tapes, stenographical and handwritten notes, microfilm, bulletins, circulars, pamphlets, studies, reports, notices, diaries, summaries, books, messages, instructions, pictures, film, graph, statistical compilations, magnetic discs, records and tapes and other media information or data stored or generated from a computer, computer cards, computer hard drive, computer CDs or disks, computer

saved program or any computer tapes, printouts, reports and other machine-readable records and data, sound recordings and every draft or copy of a document which is not identical to the original or which the draft copy contains any commentary or notation whatsoever that does not appear on the original.

(b)    Person - As used herein "person" shall mean a natural person or an artificial person, including partnerships, corporations, proprietorships, unincorporated associations, governmental bodies or any other legally cognizable entities.

(c)    Date - As used herein "date" shall mean the exact day, month and year, if known to Defendant, or, if the exact date is not known, the best available approximation.

(d)    Communication - As used herein "communication" shall include any conversation, discussions and oral utterance made, heard or overheard, whether in person or by telephone or otherwise, as well as every document and every other mode of intentionally conveyed meaning.

(e)    Identify - As used herein "identify" when used in reference to:

        (1)    a person who is an individual, shall mean to state his or her full name, present or last know address (designating which), and present or last known position or business affiliation (designating which), job title, employment address, business and residence telephone numbers;

        (2)    a person who is a firm, partnership, corporation, proprietorship, financial institution, or other organization or entity, shall mean

2

to state its full name and present or last know address and telephone number (designating which), the legal form of such entity or organization and the identity of its chief executive officer;

(3)    on oral communication shall mean to state the date, subject matter, communicator, place or places where communication occurred, whether it was recorded or otherwise memorialized, and the identity of any witness thereto;

(4)    a document shall mean to state the title (if any), the date, author, sender, recipient, the identity of persons signing it, type of document (i.e., letter, memorandum, book, telegram, invoice, etc.) or some other means of identifying it (e.q., invoice number), the names of the persons known to have seen the document or to have received copies, its present location or custodian, and a description of its contents (in lieu of stating the foregoing information, Defendant may attach a legible copy of a document to its responses hereto, specifying the particular interrogatory to which the copy is in response to and identifying the present custodian of the original).  If any document which you would have identified in response to any interrogatory was but is no longer in your possession or subject to your control or is no longer in existence, in addition to all of the above information of which you have knowledge,

3

"identify" shall also mean to state whether any such document
is or has been missing, lost, destroyed, transferred to others or
otherwise disposed of, and in any such instance set forth the
surrounding circumstances in any authorization of such
disposition, to state the approximate date of such disposition,
and, if known, the present location and custodian of such
documents.

(f)    State All Facts - As used herein "state all facts" means to state all
facts discoverable under O.C.G.A. § 9-11-26 and § 9-11-33 known to Defendant or
Defendant's attorneys, and to identify all documents concerning or relating to such
facts. When used in reference to an allegation of the pleadings, "state all facts" shall
include all facts negating, as well as supporting, the allegation.

(g)    You - As used herein "you" shall mean Defendant or any person or
persons acting, or purporting to act in any manner for Defendant or on Defendant's
behalf.

(h)    Or – As used herein "or" shall mean and/or.

(i)    This incident or the subject incident - As used herein "this incident"
or "the subject incident" shall be defined as the event described in Plaintiff's
Complaint, which occurred on or about December 16, 2005.

## INSTRUCTIONS

(a)    Each interrogatory shall be answered separately upon the knowledge
or upon the information and belief of Defendant and any answer based upon
information and belief should state that it is given upon such basis.

4

(b)     If the complete answer to an interrogatory is not known, so state and answer as fully as possible each part of such interrogatory to which an answer is known.

(c)     The following interrogatories shall be continuing to the full extent permitted under the applicable provisions of the Georgia Civil Practice Act. Each interrogatory shall be construed to include information and documents within Defendant's knowledge, possession or control as of the date of his/her answer to these interrogatories and any supplemental information, knowledge, data, documents or communications responsive to these interrogatories which is subsequently generated, obtained or discovered.

(d)     If the response to any interrogatory consists in whole or in part of any objection relating to or including burdensomeness, then with respect to such response:

>   (1)     provide such information as can be ascertained without undue burden;
>
>   (2)     state with particularity the basis for such objection, including:
>
>>   (a)     a description of the process or method required to obtain any fact or document responsive to the interrogatory; and
>>
>>   (b)     the estimated cost and time required to obtain any fact responsive to the interrogatory.
>
>   (3)     describe the nature and extent of the documents (or other sources), if any, from which any fact responsive to the interrogatory can be obtained.

5

(e)   <u>Objections based on privilege</u> - In the event that any information required herein is withheld under a claim of privilege, please provide the following regarding the information which you claim is privileged:

       (1)   a description of the general subject matter of the information and the approximate date when it was prepared, created, or became known;

       (2)   the name and title of each person having knowledge of the information and the name and title of any other person who may have received such information;

       (3)   a statement of the circumstances which bear on whether or not the claim of privilege is appropriate and whether the privilege that is claimed should extend to all or just part of the information; and

       (4)   the numbers of each interrogatory to which the information otherwise would be responsive.

(f)   To the extent any information called for by these interrogatories is unknown to you, so state and set forth such remaining information as is known. If any estimate can reasonably be made in place of unknown information, also set forth your best estimate, clear designating as such, in place of unknown information, and describe the basis upon which the estimate is made.

(g)   All definitions set forth herein shall be carefully regarded.

## INTERROGATORIES

1.

If you have ever been a Defendant in a lawsuit involving personal injuries, identify the person(s) involved, give the style and number of the case, the nature of the litigation and the court before which the suit was filed.

2.

State specifically and in detail when, where and how you claim the occurrence happened which is the basis of this lawsuit.

3.

Identify all United States statutes, state statutes, city ordinances, county ordinances and all other governmental laws, rules or regulations which you contend the Plaintiff violated with respect to the incident giving rise to this lawsuit.

4.

Give the name, address and telephone number of all persons that to you or your representative's knowledge, information or belief were eyewitnesses to the incident giving rise to this lawsuit or have knowledge of any fact or circumstance regarding the incident giving rise to this lawsuit.

5.

State the name, address and employer of all persons who to your knowledge, information or belief have investigated any aspect of the occurrence which is the subject of this litigation, and indicate whether or not each has made a written record of the investigation or any part thereof.

6.

Please state the name and address of all expert witnesses or professional consultants retained or consulted by you or on your behalf to make an evaluation or investigation of the cause of the occurrence giving rise to this lawsuit or the damages sustained by Plaintiff.

7.

Please identify each expert expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify, and give a summary of the grounds for each opinion. See O.C.G.A. § 9-11-26(b)(4)(A)(i).  Please note that this interrogatory applies to all expert witnesses including all practitioners of the healing arts.  The trial court has the power to exclude any expert or any expert testimony not fairly disclosed in your answer to this interrogatory.

8.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of each person giving each statement, the name and address of the person or entity taking each statement, the date each statement was taken and the name and address of each person having possession, custody or control of each statement.

8

9.

Describe with particularity all photographs, charts, diagrams, videotapes, documents, illustrations and/or other tangible items, of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody or control of each item. (NOTE: You need not describe any document that was produced and specifically listed as having been produced in your responses to Plaintiff's First Request for Production of Documents.)

10.

Please state the factual basis for your assertions, if any, that this Court lacks jurisdiction over this Defendant, that there has been an insufficiency of process of service of Plaintiff's Complaint and/or that there has been an insufficiency of service of process upon this Defendant.

11.

Please state whether you, your agents, attorneys, servants or employees have any information indicating whether Plaintiff or any witness has been convicted of a crime. If so, please describe the information you have and what your information reveals about the number of convictions.

12.

If you deny that Plaintiff suffered personal injuries and damages from the incident which is the subject of the complaint, state all facts supporting your denial that Plaintiff Carroll Chapman was injured and suffered damages.

13.

Please state the factual basis for each defense that you assert in this action.

9

14.

If you contend that the Plaintiff acted, or failed to act, in a manner as to cause or contribute to the occurrence made the basis of this suit, please set forth each and every fact or act upon which your contention is based.

15.

For each insurance agreement that may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse you for payments made to satisfy this judgment, please state the name and address of each insurer, the amount of coverage available to satisfy such a judgment and any conditions upon which the insurer has purported to reserve its rights to decline coverage.

16.

Please identify any and all documentary or other tangible evidence, not previously identified or produced, which you believe demonstrates and/or supports facts relevant to the claims and/or defenses in this case.

17.

Please state whether you have attempted to surveil or observe Plaintiff at any time after the incident forming the basis of Plaintiff's Complaint, and state whether any video tapes, pictures or reports were taken or made regarding such surveillance, the date(s) the surveillance was conducted and the person who conducted the surveillance or observation  (NOTE: This Interrogatory is broad and seeks to discover all post-collision surveillance even if such attempts were unsuccessful.)

10

18.

Please state the name and address of any potential party to this lawsuit, not already a party, and state your claims and reasons for same.

19.

Have any records or documents relating to the incident forming the basis of this suit been destroyed or purged from your records at any point after this incident?

20.

Please identify the persons and/or entities who owned, operated, controlled, maintained or managed the premises referred to in the Complaint where the incident involving Plaintiff Carroll Chapman occurred and for the date of Plaintiff's injury. If the ownership, control, maintenance or management changed at any time since said occurrence, please identify every subsequent person or entity.

21.

Please identify all persons, corporations or businesses who cleaned, repaired, inspected, managed or maintained the premises and area where Plaintiff Carroll Chapman was injured (as referenced in the Complaint), including a detailed description of the action that was taken in regard to repairing, inspecting, cleaning, managing or maintaining the area where Plaintiff was injured for the previous five (5) years.

22.

Please identify and describe in detail any program, policy or action implemented by you (before and at the time of Plaintiff Carroll Chapman's injury) to inspect, repair, clean, manage, maintain or upkeep the premises and area where

11

Plaintiff Carroll Chapman was injured.  This request also includes training procedures for your employees or agents that had any responsibility for the premises in question.

23.

Please describe each and every warning that you claim was provided to Plaintiff Carroll Chapman regarding any danger associated with the hazard causing Plaintiff Carroll Chapman's injuries.

24.

Please give the name, addresses and telephone numbers of all persons that have relevant knowledge, or information reasonably calculated to lead to the discovery of relevant or admissible evidence, concerning Plaintiff's claims and damages, and your defenses.

25.

Please identify any changes in or around the area where Plaintiff Carroll Chapman was injured that were implemented or made as a result of the incident forming the basis of Plaintiff's Complaint.

26.

Please identify with specificity all injury claims or complaints made against you or your business, either before or after the incident that is the subject matter of this litigation, including the date, time and place of occurrence; the name, address and telephone number of all parties involved in said accident; the address of all investigating people or departments, personal injuries and property damage, if any, claimed in such incident; a short description of how the incident occurred and whether suit was filed.

12

27.

State the substance of each conversation you had with Plaintiff Carroll Chapman at the time of or at any time following or prior to the occurrence giving rise to this lawsuit, or any statement that you claim was a statement made by Plaintiff Carroll Chapman and his wife, or his agents.

28.

Please identify all potential parties, individuals, entities or other person that you contend are indispensable parties or that would be liable for any judgment obtained by Plaintiff in this action.

29.

Please identify all maintenance employees, management persons or other employee or person that in any way cleaned, inspected, maintained or repaired the area where Plaintiff Carroll Chapman was injured on the date of the subject incident and for the previous five (5) years, as well as any person whose responsibilities included cleaning, inspecting, maintaining or repairing the area where Plaintiff was injured. To the extent any person is identified, please describe the actions, times and involvement in regard to said responsibilities.

30.

Please identify with detail any substance, object or defective condition present in the area where Plaintiff Carroll Chapman was injured, which may have caused and/or contributed to Plaintiff's fall.

13

31.

What efforts were made by Defendant to correct the condition or defect which caused and/or contributed to Plaintiff Carroll Chapman's fall, either before and/or after the incident in question.

32.

Please identify each person who provided information or assisted in preparing your responses to these interrogatories, stating, in particular, what each person did in that respect, as well as that person's full name and position. Also, state the specific interrogatories with respect to which each person provided information or assistance. Individuals performing only clerical duties need not be identified.

33.

Identify all employees and agents who on December 16, 2005 utilized the walkway and entrance where Carroll Chapman fell, prior to his fall.

34.

Please identify each and every melting agent which was placed on the subject ice patch which caused Carroll Chapman to slip and fall. Identify all individuals who in any way addressed the subject ice patch, stating when and what action they took.

**GOLDSTEIN & HAYES, P.C.**

*/s/ James A. Goldstein*
James A. Goldstein
Georgia Bar No. 300430
Attorney for Plaintiff

14

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 12360893
Date: Sep 14 2006 10:41AM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

CARROLL R. CHAPMAN,                    )
                                       )
        Plaintiff,                     )
                                       )        CIVIL ACTION
v.                                     )
                                       )        FILE NO. _____
S AND W SPORTS CARS, INC.              )
and JOHN DOE,                          )
                                       )
        Defendants.                    )

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT S AND W SPORTS CARS, INC.

Pursuant to O.C.G.A. §§ 9-11-26 and 9-11-34, Carroll R. Chapman, Plaintiff

in the above-styled action, requests that Defendant S and W Sports Cars, Inc. respond

separately, in writing and under oath to the following request for production of

documents within forty-five (45) days from the date of service as provided by law,

with a copy of the responses being served upon the undersigned counsel of record for

Plaintiff at Goldstein & Hayes, P.C., 3060 Peachtree Road, NW, One Buckhead

Plaza, Suite 1000, Atlanta, Georgia  30305.

### DEFINITIONS AND INSTRUCTIONS

(A)     This request for production of documents shall be deemed continuing,

to the extent permitted by O.C.G.A. § 9-11-26(e), so as to require Defendant to serve

upon Plaintiff supplemental answers if Defendant or its attorneys obtain further

information between the time the answers are served and the time of trial.

(B)     The following definitions shall apply to these requests:

        (1)     The term "document", whether singular or plural, shall mean

documents and other tangible things defined in the broadest
sense permitted by the Georgia Civil Practice Act and shall
include without limitation originals, or if such are not
available, true copies of all letters, correspondence, invoices,
contracts, agreements, purchase orders, memoranda, tapes,
stenographical and handwritten notes, microfilm, bulletins,
circulars, pamphlets, studies, reports, notices, diaries,
summaries, books, messages, instructions, pictures, film,
graph, statistical compilations, magnetic discs, records and
tapes and other media information or data stored or generated
from a computer, computer cards, computer hard drive,
computer CDs or disks, computer saved program or any
computer tapes, printouts, reports, and other machine-readable
records and data, sound recordings, and every draft or copy of
a documents which is not identical to the original or which the
draft of copy contains any commentary or notation whatsoever
that does not appear on the original and any other written
matter tangible or physical objects, however produced or
reproduced, upon which words or phrases are affixed and from
which by appropriate transfixion such matter or tangible thing
may be produced in the possession, custody or control of either
Defendant or its agents, attorneys, or employees.

(2)   The term "persons" shall mean all individuals and entities,

2

including without limiting the generality of the foregoing, all individuals, governmental bodies, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, trusts, and estates.

(3) The term "and" shall mean and/or.

(4) In these requests, the singular includes the plural; the plural includes the singular, the masculine includes the feminine; the feminine includes the masculine.

(5) The term "identify" when used with reference to a person means such person's name, present home and business address, present home and business telephone numbers, present basis of employment, and job title.

(6) The term "identify" when used with reference to an entity (i.e.. firm, partnership, corporation, proprietorship, financial institution, or other organization) shall mean to state its full name and present or last known address and telephone number (designating which), the legal form of such entity or organization and the identity of its chief executive officer.

(7) The word "you" used herein shall mean Defendant or any person or persons acting, or purporting to act in any manner for Defendant or on Defendant's behalf.

(8) As used herein "date" shall meant the exact day, month, and

3

year, if known to Defendant, or if the exact date is not known, the best available approximation.

(9)   As used herein "communication" shall include any conversation, discussion and utterance made, heard or overheard, whether in person or by telephone or otherwise, as well as every document and every other mode of intentionally conveyed meaning.

(C)   If you object to part of a request and refuse to answer that part, state your objections and answer the remaining portion of that request. If you object to the scope or time period of the request and refuse to answer for that scope or time period, state your objection and answer the request for the scope or time period you believe is appropriate.

(D)   If any of the following requests cannot be responded to in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying whatever information you have concerning the unanswered portions. If your response is qualified in any particular, please set forth the details of such qualifications.

(E)   In the event you wish to assert attorney/client privilege or work-product exclusion, or both, as to any document requested by any of the following specific requests, then as to each document subject to such assertion, you are requested to provide Plaintiff with identification of such document in writing, such identification to include the nature of the document, the sender, the author, the recipient, the recipient of each copy, the date the name of each person to whom the

4

original of any copy was circulated, the names appearing on any circulation list of the department associated with such document, a summary statement of the subject matter of such document in sufficient detail to permit the Court to reach a determination in the event of a motion to compel, and an indication of the basis for assertion of the privilege or the like.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Any statement in your control from any person possessing relevant knowledge of the incident giving rise to this lawsuit, whether written or recorded.

2.

All photographs, charts, diagrams, videotapes and other illustrations of any person, place or thing involved in this lawsuit.

3.

All documents evidencing, reflecting, relating to or constituting any communication between Defendant and Plaintiff or Plaintiff's wife.

4.

All documents supporting or relating to Plaintiff's or Defendants' contentions of negligence.

5.

Any correspondence, statements, documents or other tangible evidence involving any of the witnesses or other individuals involved or with knowledge of the incident forming the basis of Plaintiff's Complaint.

5

6.

All documents evidencing, reflecting, relating to or constituting an accident or incident report regarding the occurrence forming the basis of this lawsuit.

7.

All documents that you receive in response to your Requests for Production of Documents to Nonparties.

8.

Any and all documents identified, referenced or used to answer any of Plaintiff's Interrogatories in this matter.

9.

Any and all documents that support any defenses raised in your Answer, or any relevant fact to this litigation.

10.

All documents, pleadings and/or exhibits filed, served or prepared in connection with any litigation involving personal injuries to which you have been a party and involving the premises in question for the past (10) years.

11.

Any and all documentary evidence or other tangible evidence which relates, or is reasonably calculated to lead to the discovery of relevant or admissible evidence, regarding any of the Plaintiff's claims in this action or Defendant's defenses.

12.

Please produce all policies of insurance, to include the declaration pages, which do or may afford insurance coverage to this Defendant with regard to

Plaintiff's claims against this Defendant. This request includes primary insurance coverage, excess insurance coverage or any other type of liability insurance coverage and medical-payments coverage.

13.

Please produce all reports received from any experts who have investigated any issue relevant to the subject incident and relevant to this lawsuit. Also, produce all materials relied upon by each expert in formulating their opinions and conclusions.

14.

Please produce all documents evidencing or reflecting any agreement regarding maintenance, repair or cleaning services between Defendant and any other business having responsibility for the area where Plaintiff Carroll Chapman was injured.

15.

Please produce a copy of any reservation of rights letter(s) or other documentation of any kind received from any insurer which purports to deny insurance coverage, or to reserve the right to contest the issue of coverage for the claims made in this lawsuit.

16.

Please produce all claims forms, accident reports or other documentation evidencing prior or subsequent complaints, problems, injuries, slips or falls occurring on the premises where Plaintiff Carroll Chapman was injured.

7

17.

Please produce any and all log books, cleaning reports, maintenance reports, inspection reports, repair invoices or any and all other documents of any kind or by any other name which relate in any way to the inspection, maintenance or repair of the area in question before and after Plaintiff Carroll Chapman was injured.

18.

Please produce any and all documents, including employee handbooks, policy or procedure manuals, or video tapes, which relate in anyway to Defendant's policies regarding safety, training, testing, inspecting, repairing or maintaining the premises and the area forming the basis of Plaintiff's Complaint.

19.

Produce all complaints initiating civil actions against you for the past five (5) years as a result of substantially similar incidents.

20.

Produce all safety inspection reports completed by any of your employees, agents or independent contractors with regard to the premises at issue.

21.

Produce all internal accident reports completed by your employees, agents or independent contractors regarding substantially similar claims, complaints or incidents for the past five (5) years.

8

22.

Please produce any and all documents which support or otherwise pertain to any of your responses to Plaintiff's First Requests for Admissions, identifying which response each document supports or otherwise pertains.

23.

Please produce all contracts or agreements entered into between the Defendant and any other individual or company and regarding cleaning, maintaining, repairing or inspecting the premises and area forming the basis of Plaintiff's Complaint.

24.

The curriculum vitae of all experts who are expected to testify on behalf of Defendant, and any documents they created, reviewed or relied on.

25.

Produce all notes, memoranda, minutes and all other written evidence of safety meetings held by Defendant for the past five (5) years.

26.

Produce all architectural plans, drawings, designs and photographs for the premises in question and the area forming the basis of Plaintiff's Complaint.

27.

For the date in question, and the two days preceding and following, please produce the work and payroll records of all employees (regarding the premises in question) employed by Defendant, as well as for any management employee of the Defendant.

28.

All documents evidencing, reflecting or recording any payments to Plaintiff and/or Defendant(s) (or payments made on behalf of the Plaintiff and/or Defendant(s)), by any insurance carrier for damages allegedly sustained by the Plaintiff and/or Defendant(s) due to this incident.

29.

All diaries, calendars, journals, appointment books or other records, including memoranda, notes or other documents, from the date of the incident giving rise to this lawsuit, which were kept by you as a result of the incident.

30.

Please produce all books, documents and/or other tangible things which prove, support or constitute evidence of any facts or circumstances upon which you base the allegations in the Answer or issues of liability.

31.

Any and all documents that support your allegations, if any, that this Court lacks jurisdiction over any Defendant, that there has been an insufficiency of process of service of Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon any Defendant.

32.

Each manual, book, list, or other document pertaining to, evidencing, or setting forth guidelines, rules, policies, or procedures regarding safety for the premises where Plaintiff Carroll Chapman was injured

10

33.

Please provide a copy of the entire personnel file of any individual listed in response to Plaintiff's Interrogatory Number 4 including, but not limited to the employment application, payroll records and any and all other documents in any way pertaining to, reflecting or regarding said individual.

**GOLDSTEIN & HAYES, P.C.**

*/s/ James A. Goldstein*
James A. Goldstein
Georgia Bar No. 300430
Attorney for Plaintiff

11

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 12360893
Date: Sep 14 2006 10:41AM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

CARROLL R. CHAPMAN,         )
                                        )
      Plaintiff,            )
                                        )     CIVIL ACTION
v.                                )
                                        )     FILE NO. _____
S AND W SPORTS CARS, INC.   )
and JOHN DOE,           )
                                        )
      Defendants.        )

## PLAINTIFF'S REQUEST FOR ADMISSIONS
## TO DEFENDANT S AND W SPORTS CARS, INC.

COMES NOW, CARROLL R. CHAPMAN, Plaintiff in the above-styled

action, and hereby request that this Defendant admit under oath the truth of the facts

and the genuineness of the document hereinafter set forth within forty-five (45) days

after service of this discovery request upon Defendant.

### 1.

This Defendant has been correctly named in the present cause insofar as the

legal designation of name is concerned.

### 2.

This Defendant has been properly served as a party Defendant in this case.

### 3.

That process is sufficient with regard to this Defendant in this case.

### 4.

That service of process is sufficient with regard to this Defendant in this case.

12.

That this Defendant has no insurance policy, policies or coverage, which may be applicable to compensate Plaintiff for injuries and damages arising out of the incident which is the subject of Plaintiff's Complaint.

13.

That the incident complained of was not due, either in whole or in part, to any negligence on the part of Plaintiff Carroll Chapman.

14.

That at the time of the incident referred to in Plaintiff's Complaint and at all times relevant, this Defendant either independently or jointly owned, operated, controlled, maintained or managed Ferrari of Atlanta, 11875 Alpharetta Highway, Roswell, Fulton County, Georgia 30076.

15.

That Plaintiff Carroll Chapman was an invitee at Ferrari of Atlanta, 11875 Alpharetta Highway, Roswell, Fulton County, Georgia 30076.

16.

That prior to the subject incident this Defendant had actual knowledge of the ice patch on the walkway where the incident occurred.

17.

That prior to the subject incident this Defendant had constructive knowledge of the ice patch on the walkway where the incident occurred.

3

18.

That prior to the subject incident there was no salt or other melting agent on

the walkway where the incident occurred.

19.

That the ice upon which Carroll Chapman fell was not readily visible to

individuals utilizing the subject walkway and entrance.

GOLDSTEIN & HAYES, P.C.


*/s/ James A. Goldstein*
James A. Goldstein
Georgia Bar No. 300430
Attorney for Plaintiff

4

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 12514915
Date: Oct 2 2006 3:01PM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

CARROLL R. CHAPMAN,                )
                                   )
        Plaintiff,                 )
                                   )       CIVIL ACTION
v.                                 )
                                   )       FILE NO. 2006EV001022A
S AND W SPORTS CARS, INC.          )
and JOHN DOE,                      )
                                   )
        Defendants.                )

## NOTICE TO TAKE VIDEOTAPED DEPOSITION

TO:   DEFENDANT S AND W SPORTS CARS, INC., by and through their
      registered agent CT Corporation System, 1201 Peachtree Street, Atlanta,
      Georgia 30361

      PLEASE TAKE NOTICE that on Wednesday, October 25, 2006, at the

offices of Goldstein & Hayes, P.C., 3060 Peachtree Road, NW, One Buckhead Plaza,

Suite 1000, Atlanta, Georgia 30305, counsel for the Plaintiff will proceed to take the

deposition of Plaintiff Carroll Chapman.  Said deposition will be videotaped and

taken by oral examination before a duly qualified court reporter authorized by law to

administer oaths for the purpose of preservation of testimony and for all purposes

allowed under Georgia law.

      This 2nd day of October, 2006.

                                   **GOLDSTEIN & HAYES, P.C.**


                                   /s/ James A. Goldstein
                                   James A. Goldstein
                                   Georgia Bar No. 300430
                                   Attorney for Plaintiff

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the

foregoing *Notice to Take Videotaped Deposition* via Federal Express to the

following:

        S and W Sports Cars, Inc.
        c/o CT Corporation System
        1201 Peachtree Street
        Atlanta, Georgia  30361

This 2nd day of October 2006.

                      **GOLDSTEIN & HAYES, P.C.**

                      */s/ James A. Goldstein*
                      James A. Goldstein
                      Georgia Bar No. 300430
                      Attorney for Plaintiff